**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| CANDIDO ORTIZ-MARTINEZ, | **Hon. Jerome B. Simandle** |
| Petitioner, | Civil Action No. 05-903 (JBS) |
| v. |  |
| WARDEN MINER, | **OPINION** |
| Respondent. |  |

**APPEARANCES**:

    CANDIDO ORTIZ-MARTINEZ, #21988-044
    F.C.I. Fairton
    P.O. Box 420
    Fairton, New Jersey 08320
    Petitioner Pro Se

    PAUL A. BLAINE, Assistant U.S. Attorney
    CHRISTOPHER J. CHRISTIE, United States Attorney
    401 Market Street
    Camden, New Jersey 08101
    Attorney for Respondents

**SIMANDLE**, District Judge

Petitioner Candido Ortiz-Martinez filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentence as unconstitutional under United States v. Booker, 543 U.S. 220 (2005).  Respondents filed a motion to dismiss, accompanied by a memorandum of law, and Petitioner filed a reply to the motion.  Having thoroughly reviewed the submissions of the parties, this Court grants the motion to dismiss the Petition for lack of jurisdiction.

## I.   BACKGROUND

Petitioner challenges an aggregate 592-month sentence entered in the United States District Court for the Eastern District of Missouri in 1991 after a jury found him guilty of conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine, distribution of cocaine, and using and carrying a firearm during a drug trafficking crime. See United States v. Ortiz-Martinez, 1 F.3d 662, 668 (8th Cir. 1993).  The Eighth Circuit Court of Appeals affirmed the conviction in 1993.  Id.

Petitioner thereafter filed three § 2255 motions to vacate in the sentencing court.  Ortiz-Martinez v. Al Herrera, 44 Fed. Appx. 806, 807 (9th Cir. 2002).  The sentencing court denied the first § 2255 motion on the merits and dismissed the next two as successive § 2255 motions.  Id.  The Eighth Circuit twice refused Petitioner's requests for authorization to file successive § 2255 motions.  Id.  In 2001, while Petitioner was incarcerated at Lompoc United States Penitentiary in California, he filed his first § 2241 motion challenging his conviction.  Id.  The United States District Court for the Central District of California dismissed the petition for lack of jurisdiction.  Id.  Petitioner appealed and the Ninth Circuit affirmed, finding that Petitioner failed to carry his burden of showing that § 2255 was an inadequate or ineffective remedy.  Id.

Petitioner, who is now incarcerated at F.C.I. Fairton in New Jersey, filed this Petition under 28 U.S.C. § 2241 challenging his sentence as unconstitutional under Booker.

## II.   DISCUSSION

A.   Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the

3

>     sentence to vacate, set aside or correct the
>     sentence.

28 U.S.C. § 2255, ¶ 1.

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[1]  See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

>     An application for a writ of habeas corpus
>     [pursuant to 28 U.S.C. § 2241] in behalf of a
>     prisoner who is authorized to apply for
>     relief by motion pursuant to this section,
>     shall not be entertained if it appears that
>     the applicant has failed to apply for relief,
>     by motion, to the court which sentenced him,
>     or that such court has denied him relief,
>     unless it also appears that the remedy by
>     motion is inadequate or ineffective to test
>     the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per

---

[1] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

In In re Dorsainvil, 119 F.3d at 251, the Third Circuit applied the "inadequate or ineffective" test to a § 2241 claim challenging a sentence on the basis of a change of substantive law that occurred after Dorsainvil's first § 2255 motion was decided.[2]  The Third Circuit first determined that Dorsainvil

---

[2] Dorsainvil claimed that he was actually innocent of "use of a firearm" after the Supreme Court held in Bailey v. United States, 516 U.S. 137 (1995), that the crime, "use of a firearm," does not reach certain conduct. The Supreme Court later ruled that the court's interpretation of the statute in Bailey applied retroactively under § 2255 to convictions that were final. See "
(continued...)

5

could not raise the Bailey claim in a successive § 2255 motion because the AEDPA restricted successive § 2255 motions to constitutional claims. However, the court held that, in this narrow situation where Dorsainvil had no other opportunity to raise the claim, § 2255 was inadequate and ineffective. The Court reasoned:

> Dorsainvil does not have and, because of the circumstances that he was convicted for a violation of § 924(c)(1) before the Bailey decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1). If, as the Supreme Court stated in [Davis v. United States, 417 U.S. 333 (1974)], it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable. In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of [Dorsainvil's] detention.

Dorsainvil, 119 F.3d at 251 (quoting Davis v. United States, 417 U.S. 333, 346-47 (1974)).

The Third Circuit emphasized the narrowness of its holding:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely

---

²(...continued)
Bousley v. United States, 523 U.S. 614 (1998). "[D]ecisions of [the Supreme Court] holding that a substantive federal criminal statute does not reach certain conduct . . . necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'" Id. at 620 (1998) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).

```
          because that petitioner is unable to meet the
          stringent gatekeeping requirements of the
          amended § 2255.  Such a holding would
          effectively eviscerate Congress's intent in
          amending § 2255.  However, allowing someone
          in Dorsainvil's unusual position - that of a
          prisoner who had no earlier opportunity to
          challenge his conviction for a crime that an
          intervening change in substantive law may
          negate, even when the government concedes
          that such a change should be applied
          retroactively - is hardly likely to undermine
          the gatekeeping provisions of § 2255.
```

Dorsainvil at 251 (emphasis added).[3]

Turning to the case at bar, Petitioner argues that his 49-year sentence is unconstitutional under Booker. It is clear that

---

[3] Several courts of appeals have adopted similar tests. See, e.g., Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) ("We therefore hold that the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of the circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law"); Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) ("The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes that the prisoner was convicted of a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) ("A federal prisoner should be permitted to seek habeas corpus relief only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion"); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997).

a <u>Booker</u> claim challenging a sentence is within the scope of claims that are cognizable under § 2255.  Therefore, this Court lacks jurisdiction under § 2241 to entertain Petitioner's <u>Booker</u> claim unless § 2255 is inadequate or ineffective for him to raise it.

<u>Booker</u> evolved from the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).[4]  In <u>Apprendi</u>, the Supreme Court determined that Apprendi had a constitutional right to have a jury, rather than a judge, find bias because the finding was necessary to support an enhanced sentence under the New Jersey hate crimes law.  The Supreme Court reversed Apprendi's sentence pursuant to the principle that, "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."  <u>Apprendi</u>, 530 U.S. at 476 (quoting <u>Jones</u>, 526 U.S. at 243 n.6).  In <u>Booker</u>, the Supreme Court determined that, for

---

[4] The <u>Booker</u> Court traced the evolution of its holding from <u>Apprendi</u> and its progeny, <u>Ring v. Arizona</u>, 536 U.S. 584 (2002), and <u>Blakely</u>.  In <u>Ring</u>, the Court held that imposition of the death penalty under Arizona law violated <u>Apprendi</u> because the trial judge determined the presence or absence of aggravating factors required by Arizona law for imposition of the death penalty.  <u>Ring</u>, 536 U.S. at 602.  In <u>Blakely</u>, the Court determined that application of Washington's sentencing guidelines violated the defendant's rights under <u>Apprendi</u> because "the 'statutory maximum' for <u>Apprendi</u> purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*."  <u>Blakely</u>, 124 S.Ct. at 2537 (emphasis in original).

reasons explained in Apprendi, Ring v. Arizona, 536 U.S. 584 (2002), and Blakely v. Washington, 542 U.S. 296 (2004), application of the Federal Sentencing Guidelines violated the Sixth Amendment because the guidelines required the judge to enhance the sentence based on the judge's determination of facts that were not found by the jury or admitted by defendant.

Petitioner is correct that Booker is a change of law that was announced after Petitioner's conviction became final and after his first § 2255 motion was decided. Petitioner is also correct that he cannot raise his Booker claim in a successive § 2255 motion because Booker has not been made retroactive to cases on collateral review by the Supreme Court.[5] See In re Olopade, 403 F.3d 159 (3d Cir. 2005); see also Tyler v. Cain, 533 U.S. 656 (2001); In re Turner, 267 F.3d 225 (3d Cir. 2001). However, it does not follow that § 2255 is an inadequate or ineffective procedural mechanism for Petitioner to raise his Booker claim.

Section 2255 is not inadequate or ineffective "merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable

---

[5] In 1996 Congress amended § 2255 to severely limit the filing of second or successive motions under § 2255. As amended, § 2255 prohibits a second or successive § 2255 motion unless the Court of Appeals having jurisdiction over the sentencing court certifies that (1) the motion is based on newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty or (2) the motion pertains to a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. §§ 2255, ¶ 8.

to meet the stringent gatekeeping requirements of the amended § 2255." In re Cradle, 290 F.3d at 539.  Moreover, § 2255 is not inadequate or ineffective for a prisoner like Petitioner to raise a Booker claim, even where he had no earlier opportunity to raise the claim because Booker was not decided until after his conviction became final and his first § 2255 motion was decided. See Okereke v. United States, 307 F.3d 117 (3d Cir. 2002).  As the Third Circuit reasoned in Okereke:

> Unlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal.  Accordingly, under our In re Dorsainvil decision, § 2255 was not inadequate or ineffective for Okereke to raise his Apprendi argument.

Okereke, 307 F.3d at 120-21.

If § 2255 is not an inadequate or ineffective procedural mechanism for a prisoner who had no other opportunity to raise an Apprendi claim, Okereke, 307 F.3d at 120-21, it follows that it is not an inadequate or ineffective vehicle for a petitioner to raise a Booker claim.  Like Apprendi, Booker deals with sentencing and does not decriminalize the conduct for which Petitioner was convicted.  Accordingly, this Court lacks jurisdiction to entertain Petitioner's Booker claim under § 2241. See Silvestre v. Yost, 2005 WL 3196600 *2 (3d Cir. Nov. 30, 2005) (affirming dismissal of § 2241 petition for lack of jurisdiction

10

because § 2255 is not inadequate or ineffective for Booker claim); Goldberg v. Bonaforte, 2005 WL 1491220 (3d Cir. June 24, 2005).

Even if this Court had jurisdiction to entertain Petitioner's claims, he could not prevail because the United States Court of Appeals for the Third Circuit has held that Booker does not apply retroactively to cases that became final on direct review prior to January 12, 2005, the date Booker issued. See Warren v. Kyler, 422 F.3d 132 (3d Cir. 2005) (Booker is not applicable retroactively to cases on collateral review under § 2254); Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005) (Booker does not apply retroactively under § 2255); see also Schriro v. Summerlin, 124 S.Ct. 2519 (2004) (because Ring is a new procedural rule, it does not apply retroactively under § 2255 to cases final on direct review)[6]; United States v. Jenkins, 333 F.3d 151, 154 (3d Cir. 2003) (Apprendi does not apply retroactively to first § 2255 motions because "[i]ts application affects only the enhancement of a defendant's sentence after he or she has already been convicted by proof beyond a reasonable doubt").

---

[6] The Supreme Court reasoned that, because Ring "altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment," it was a "prototypical procedural rule" that did not apply retroactively to cases already final on direct review. Schriro, 124 S.Ct. at 2523.

Based on the foregoing, this Court grants the government's motion to dismiss the petition for lack of jurisdiction.

### III.  CONCLUSION

Because § 2255 is not inadequate or ineffective for Petitioner's claims, this Court lacks jurisdiction to entertain them under § 2241 and grants the motion to dismiss the Petition.


                                        **s/ Jerome B. Simandle**
                                        JEROME B. SIMANDLE, U.S.D.J.


Dated:    December 16    , 2005